IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KENNETH LAWSON,              :
                                    :
       Plaintiff,              :       CIVIL CASE
                                      :       No. 5:12-cv-185 (CAR)
v.                                :
                                      :
ADT SECURITY SERVICES, INC.,   :
                                      :
       Defendant.           :
_____ :

## ORDER ON ADT SECURITY SERVICES, INC.'S MOTION
## FOR JUDGMENT ON THE PLEADINGS

Presently before the Court is Defendant ADT Security Services, Inc.'s Motion for Judgment on the Pleadings,[1] [Doc. 13]. Defendant ADT contends that Plaintiff Kenneth Lawson's Complaint [Doc. 1], which alleges negligence, breach of contract, and detrimental reliance, should be dismissed in its entirety. Having considered the Motion, relevant law, and the parties' responses and replies thereto, the Court concludes that Plaintiff Lawson's Complaint [Doc. 1] fails to state a claim upon which relief may be granted. Accordingly, Defendant ADT's Motion for Judgment on the Pleadings [Doc. 13] is **GRANTED**.

---

[1] ADT filed a Motion for Judgment on the Pleadings mistakenly entitled "Motion to Dismiss" [Doc. 13]. This error was subsequently corrected in ADT's Motion to Stay Discovery [Doc. 14]. Because ADT's burden is identical in either motion, the Court evaluates Lawson's pleadings without additional briefing by the parties. *See* Fed. R. Civ. P. 12(b), (c); *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). Further, the Court will hereinafter refer to Document 13 as ADT's Motion for Judgment on the Pleadings.

## BACKGROUND

Plaintiff Kenneth Lawson ("Lawson") has filed suit to recover compensatory damages resulting from Defendant ADT Security Services, Inc.'s ("ADT") failure to respond to a fire in Lawson's home, which occurred on October 2, 2011.  During the fire, ADT failed to contact the police, fire department, or any emergency contacts Lawson provided to ADT, contrary to the terms of the Alarm Services Contract [Doc. 13-2] executed by the parties on June 8, 2008.  Consequently, Lawson suffered a total of $83,150.62 in damage to his residence.  Lawson asserts that the damage to his property is far greater than the harm that would have resulted if ADT had satisfied its contractual obligations.

Based on ADT's conduct, Lawson asserts claims for breach of contract and negligence, alleging that ADT breached a legal duty by failing to contact the appropriate authorities or other individuals during the October 2nd fire.  Moreover, Lawson asserts a detrimental reliance claim against ADT, alleging that he relied on ADT's assurance that it would render assistance in the event of an emergency.

## STANDARD OF REVIEW

Judgment on the pleadings is governed by Federal Rule of Civil Procedure 12(c), which tests the legal sufficiency of the plaintiff's claims.  When ruling on a 12(c) motion, the Court must accept all facts in the pleadings as true, viewing them in the

light most favorable to the nonmoving party. [2]   Accordingly, to merit dismissal, the moving party must demonstrate that no material fact remains unresolved, and that it is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noted facts.[3]  The Court may also consider additional documents which are integral to the complaint, even if they are not originally attached thereto.[4]

Using these materials, the Court must determine whether the plaintiff's claims satisfy the recently-established "plausibility standard," which requires that the factual allegations "plausibly give rise to an entitlement to relief"[5] above a mere "speculative level."[6]   In short, the plaintiff must allege facts sufficient "to raise a reasonable expectation that discovery will reveal evidence" which supports the asserted claims.[7]

## DISCUSSION

A.  Negligence (Count I) and Detrimental Reliance (Count III)

As was noted above, Lawson's Complaint states three grounds for recovery: negligence (Count I), breach of contract (Count II), and detrimental reliance (Count

---

[2] *See Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996).

[3] *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002); *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

[4] *See McFadden v. Tyco Fire Inc.*, No. 1:09-CV-2208, 2010 WL 1409853, at *1 (N.D. Ga. Mar. 21, 2010).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  Both Lawson and ADT inaccurately recite the standard for judgment on the pleadings that was established in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).   However, as established in *Bell Atl. Corp. v. Twombly*, the "plausibility" standard is now controlling.  This error does not affect the Court's ultimate decision to grant ADT's Motion under the *Twombly* test.

[7] *Twombly*, 550 U.S. at 556.

III).   However, Lawson's Response to ADT's Motion for Judgment on the Pleadings [Doc. 15] only addresses ADT's contractual responsibility under Count II without any mention of his other claims.   Because of Lawson's pronounced silence regarding Counts I and III, ADT contends these claims have been abandoned and should be dismissed.

Although the Eleventh Circuit has not specifically addressed abandoned claims in the context of judgments on the pleadings, it has expressly permitted district courts to dismiss neglected claims in motions for summary judgment.[8]   For example, in *Resolution Trust v. Dunmar*,[9] the Eleventh Circuit affirmed the district court's decision to grant the defendant's motion for summary judgment on a claim the plaintiff failed to address in its response.[10]   The court further elaborated upon its ruling by declaring that "the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."[11]

Logically applying this standard and following the example of other circuits,[12] the Court concludes that Lawson abandoned Counts I and III by failing to pursue

---

[8] *See, e.g., Resolution Trust v. Dunmar*, 43 F.3d 587 (11th Cir. 1995).

[9] *Id.*

[10] *Id.* at 599.

[11] *Id.*

[12] *See, e.g., Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (motion to dismiss); *U.S. ex rel. Phillips v. L-3 Commc'ns Integrated, Sys. L.P.*, No. 3:10-CV-1784-L, 2012 WL 3649699, at *9 (N.D. Tex. Aug. 24, 2012) (motion to dismiss).

these claims in his Response to ADT's Motion for Judgment on the Pleadings [Doc. 15]. Accordingly, Lawson's claims of negligence and detrimental reliance are **DISMISSED** as abandoned.

B. <u>Breach of Contract (Count II)</u>

With the dismissal of Counts I and III, Defendant ADT's alleged breach of contract remains as the lone cause of action in this case. Lawson filed his case in federal court by alleging this Court has subject matter jurisdiction over his claim based on the diversity of the parties and the alleged amount in controversy, $83,150.62.[13] ADT contends, however, that the Court lacks subject matter jurisdiction over this claim because Lawson's recovery is wholly barred or limited to $500.00 by the following terms contained on "Page 2 of 4" of the ADT Alarm Services Contract ("Services Contract"):

> 5. WE ARE NOT AN INSURER.  WE ARE NOT AN INSURER AND YOU WILL OBTAIN FROM AN INSURER ANY INSURANCE YOU DESIRE.  THE AMOUNT YOU PAY US IS BASED UPON THE SERVICES WE PERFORM AND THE LIMITED LIABILITY WE ASSUME UNDER THIS CONTRACT AND IS UNRELATED TO THE VALUE OF YOUR PROPERTY OR THE PROPERTY OF OTHERS LOCATED IN YOUR PREMISES. IN THE EVENT OF ANY LOSS OR INJURY TO ANY PERSON OR PROPERTY, YOU AGREE TO LOOK EXCLUSIVELY TO YOUR INSURER TO RECOVER DAMAGES.  YOU WAIVE ALL SUBROGATION AND OTHER RIGHTS OF RECOVERY

---

[13] 28 U.S.C. § 1332.

AGAINST US THAT ANY INSURER OR OTHER PERSON MAY
HAVE AS A RESULT OF PAYING ANY CLAIM FOR LOSS OR
INJURY TO ANY OTHER PERSON.

6. NO LIABILITY, LIMITED LIABILITY.  … YOU AGREE THAT
WE … ARE EXEMPT FROM LIABILITY FOR ANY LOSS,
DAMAGE, INJURY OR OTHER CONSEQUENCES ARISING
DIRECTLY OR INDIRECTLY FROM THE SERVICES … WE
PERFORM OR THE SYSTEMS WE PROVIDE UNDER THIS
CONTRACT.   IF IT IS DETERMINED THAT WE … ARE
DIRECTLY OR INDIRECTLY RESPONSIBLE FOR ANY SUCH
LOSS, DAMAGE, INJURY OR OTHER CONSEQUENCE, YOU
AGREE THAT DAMAGES SHALL BE LIMITED TO THE
GREATER OF $500 OR 10% OF THE ANNUAL SERVICE
CHARGE YOU PAY UNDER THIS CONTRACT. THESE AGREED
DAMAGES ARE NOT A PENALTY.  THEY ARE YOUR SOLE
REMEY … EVEN IF CAUSED BY OUR NEGLIGENCE, GROSS
NEGLIGENCE, FAILURE TO PERFORM DUTIES UNDER THIS
CONTRACT, STRICT LIABILITY, FAILURE TO COMPLY WITH
ANY APPLICABLE LAW, OR OTHER FAULT.[14]

In his Reply, Lawson vehemently denies these terms are part of the parties' agreement, claiming that he has "never seen" "Page 2 of 4" or the terms it contains.[15] Accordingly, he demands the full monetary value of his loss in accordance with the remaining clauses in the Services Contract.

Thus, the primary issue before the Court is whether the paragraphs containing terms and conditions, including the limitation-of-liability provision above, are part of the Services Contract and binding upon the parties.  Because the Court finds that

---

[14] [Doc. 13-2 at 2, ¶¶ 5-6] (emphasis in original).
[15] [Doc. 15 at 1].

Lawson's recovery is, in fact, limited by this provision, the present action must be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1332.[16]

In Georgia, "[a] person who signs a contract is imputed with knowledge of the contents of that contract. Specifically, everyone is charged with the responsibility of reading and knowing the contents of a contract which he signs."[17]  A contract's contents include references to other, external materials that are reasonably clear and have a readily ascertainable meaning.[18]  Consequently, courts have often held that missing terms, pages, and paragraphs may be incorporated by such references; thus, parties have the responsibility to seek explanation when they are put on notice of absent content.[19]  These missing terms are part of the contract, and the parties are bound by them.  Negligent ignorance of terms will not bar incorporation.[20]

In the present case, even accepting that "Page 2 of 4" is missing from the original Services Contract, Lawson's recovery is limited to $500.00 at most.  The first

---

[16] *See Burr & Forman v. Blair*, 470 F.3d 1019, 1035 n.38 (11th Cir. 2006).

[17] *D.L. Lee & Sons, Inc. v. ADT Security Sys., Mid-South, Inc.*, 916 F. Supp. 157, 1578 (S.D. Ga. 1995), *aff'd* 77 F.3d 498 (11th Cir. 1996).

[18] *Hembree v. Johnson*, 224 Ga. App. 680, 681 (1997).

[19] *See, e.g., Sasso v. Travel Dynamics, Inc.*, 844 F. Supp. 68, 73 (D. Mass. 1994) (finding that plaintiffs had sufficient notice of additional pages where the cover page instructed them to read "attached pages"); *Kendall v. Am. Haw. Cruises*, 704 F. Supp. 1010, 1017 (D. Haw. 1989) (determining that the title page alerted plaintiffs to inquire about missing pages where the page containing a time limitation was missing); *Ray Tucker & Sons, Inc. v. GTE Directories Sales Corp.*, 571 N.W.2d 64, 68-69 (Neb. 1997) (holding that signee was placed on notice of absent page because of the "specific and obvious reference" to such terms on the signature page).

[20] *See, e.g., Travis v. ADT Security Servs., Inc.*, No. 12-11822, 2012 WL 3516548, at *4-5 (E.D. Mich. Aug. 16, 2012); *Dan J. Sheehan Co. v. Ceramic Technics, LTD*, 269 Ga. App. 773, 777 (2004).

page of Lawson's Services Contract conspicuously directs the reader to additional

terms, including the paragraphs that detail ADT's limitation-of-liability provision:

> YOU ADMIT YOU HAVE READ THIS PAGE IN ADDITION TO
> THE ATTACHMENT WHICH CONTAINS IMPORTANT TERMS
> AND CONDITIONS FOR THIS CONTRACT BEFORE SIGNING.
> YOU STATE THAT YOU UNDERSTAND ALL THE TERMS AND
> CONDITIONS OF THIS CONTRACT, INCLUDING, BUT NOT
> LIMITED TO PARAGRAPHS 5, 6, 7, 8, 9, AND 10.[21]

Lawson cannot now claim, having admitted to reading and signing "Page 1 of 4,"

that he was not aware of the additional terms and conditions unambiguously

referenced on the face of the Services Contract.[22]  This provision cannot plausibly

reference any other content in the agreement.   No other pages contain

paragraphs labeled with these particular numbers or even this quantity of

sections.   Further, the only other pages are labeled as the "Non-Traditional

Telephone Service Rider," "Schedule of Protection," and "Emergency

Information Schedule."   None of these pages include traditional terms or

conditions.   Accordingly, the Court concludes that Lawson was on notice of the

missing paragraphs and had a responsibility to inquire about their contents.[23]

---

[21] [Doc. 13-2 at 1] (emphasis in original).

[22] *See* [Doc. 15 at 2].

[23] Contrary to Lawson's assertions that the contract's contents are a "question of fact" [Doc. 15, at 3], contract construction is a question of law to be decided by the trial court.  O.C.G.A. § 13-2-1.  Further, "No construction is required or even permissible when the language employed by the parties in the

Thus, Lawson is imputed with knowledge of, and bound by, the limitation-of-liability provision in the Services Contract, and his maximum possible recovery for breach of contract is $500.00.[24]  Consequently, this Court lacks subject matter jurisdiction to hear this controversy under 28 U.S.C. § 1332(a), and the present action is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(h)(3).[25]

## CONCLUSION

For the foregoing reasons, the Court holds that Plaintiff Lawson has failed to articulate sufficient factual allegations that would plausibly entitle him to relief in federal court.  Therefore, Defendant ADT's Motion for Judgment on the Pleadings [Doc. 13] is hereby **GRANTED**, and the present action is **DISMISSED** in its entirety.

---

contract is plain, unambiguous and capable of only one reasonable interpretation."  *Crooks v. Crim*, 159 Ga. App. 745, 748 (1981).

[24] The Court does not address the validity of the limitation-of-liability provision itself.  Lawson does not address this issue, and these provisions have consistently been enforced in the Eleventh Circuit.  *See, e.g., D.L. Lee & Sons*, 916 F. Supp. at 1582; *McFadden v. Tyco Fire Inc.*, No. 1:09-CV-2208-RWS, 2010 WL 1409853, at *3 (N.D. Ga. Mar. 31, 2010).

[25] *Rassa v. Rollins Protective Servs. Co.*, 30 F. Supp. 2d 538, 545-46 (D. Maryland 1998); *see Pratt Cent. Park Ltd. P'ship v. Dames & Moore, Inc.*, 60 F.3d 350, 353 (7th Cir. 1995) (noting that "[s]everal cases hold or imply that a court has the power to dismiss for want of jurisdiction after deciding that a limitation-of-liability clause … caps damages at less than the jurisdictional amount").

**SO ORDERED,** this 11th day of October, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP/ssh

10